

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 23, 2020

**BY ECF and BY E-MAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States v. Brandon Lisi**, 15 Cr. 457 (KPF)

Dear Judge Failla:

      The defendant in the above-captioned action has filed, *pro se*, an "Emergency Motion for Immediate Release for Bail Pending Appeal."[1] (Dkt. No. 205). For the reasons set forth below, the defendant's motion is meritless and should be denied.

## I. Background[2]

      In 2009, Lisi was charged in two separate indictments returned by grand juries in this district with offenses related to two separate mortgage fraud schemes. *United States v. LaRochelle, et al.*, No. 09 Cr. 948 (NRB); *United States v. Dente, et al.*, No. 09 Cr. 1188 (LTS). On December 11, 2012, the Government submitted a letter to both Judge Buchwald and Judge Swain outlining criminal conduct the defendant had engaged in while released on bail in each of those cases, including defrauding a recent widow of approximately $500,000 by inducing her to invest in a purported real estate investment based on fraudulent representations.[3] On April 9, 2013, the defendant pleaded guilty to the first count of each of the pending indictments in front of Judge Buchwald, to whom the second case was transferred. During the course of the plea proceeding, the Government acknowledged that there had been discussion of "whether the defendant would also plead guilty to conduct post-arrest—some which is addressed in our December letter to the Court about the defendant's bail conditions—and the defendant is not pleading guilty to anything

---

[1] While the defendant has filed the instant motion *pro se*, he is a former attorney, who was disbarred in the State of New York in or about July 2011. (PSR ¶ 13).

[2] The facts immediately relevant to the instant motion are set forth herein. A full recitation of the facts related to the prior indictments filed against the defendant, as well as the conduct underlying the instant case, is set forth in the Government's sentencing submission, which was filed on September 12, 2017. (Dkt. No. 112).

[3] The letter was attached as Exhibit K to the defendant's sentencing memorandum. (Dkt. No. 107).

relating to that conduct at this time." (Govt. Sentencing Br. at 5) (citing the 2013 Plea Tr. at 10-11). Lisi subsequently moved to withdraw his plea, citing his attorney's ineffective assistance based on his purported involvement in Lisi's post-arrest criminal conduct. Judge Buchwald rejected this claim and denied the motion. United States v. Lisi, No. 09 Cr. 1188 (NRB), Dkt. No. 178 (S.D.N.Y. May 6, 2014). On May 29, 2014, Lisi was sentenced to 78 months' imprisonment. (PSR at pg. 12).

On July 20, 2015, Lisi was indicted in the above-captioned action and charged with conspiring to commit wire fraud, conspiring to commit bank fraud, and conspiring to launder money. The Indictment charged, among other things, that Lisi and his co-defendant, Katerina Arvanitakis, an attorney, worked together to defraud various client by soliciting funds from those clients based on fraudulent misrepresentations about how the solicited funds were going to be used. (PSR ¶ 14). All of the criminal conduct charged in the Indictment took place while Lisi was released on bail in connection with criminal charges pending against him in the two 2009 cases and much of it was set forth in the Government's December 2012 letter.

On April 3, 2017, the defendant pled guilty, pursuant to a plea agreement (the "Plea Agreement"), to Count One of the Indictment, which charged him with conspiring to commit wire fraud between in or about 2010 and in or about 2014. The defendant was represented at the time of his plea by Lisa Scolari, Esq. In the Plea Agreement, Lisi agreed, among other things, that he would "not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 51 to 63 months' imprisonment." (Pl. Ag. at 4-5). The parties further agreed that "this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case." (*Id.*). During the guilty plea proceeding, the Court confirmed with the defendant that he read and understood the Plea Agreement and understood the full scope of the appellate waiver. (Pl. Tr. at 25-30).

In advance of the defendant's sentencing, the defendant's newly appointed counsel, Joseph Grob, Esq., filed submissions with the Court arguing, among other things, that any sentence imposed in connection with the instant case should run concurrently with the 78-month sentence imposed by Judge Buchwald in connection with his other criminal convictions; that the Court should grant a downward variance because Lisi had received ineffective assistance of counsel from Zelin, his initial counsel in connection with the prior SDNY cases, insofar as Zelin never conveyed a plea offer from the Government that covered the conduct in the instant case. (Dkt. No. 107 at 35-46) The Government filed its submission on September 12, 2017, and principally argued for a sentence within the Guidelines range of 51 to 63 months' imprisonment, to run consecutively to Lisi's previous term of incarceration. (Dkt. No. 112 at 1, 30-35). With regard to Lisi's ineffectiveness argument, the Government noted that the claim was belied by the record, and that, in any event, any purported ineffectiveness in a separate criminal prosecution was irrelevant to his sentence in the instant prosecution. (*Id.* at 33-35).

The defendant was sentenced on September 19, 2017. The Court dealt with each of the issues raised by the defendant, including the purported ineffectiveness of Zelin and the question of whether the sentence imposed in the instant case should be concurrent with or consecutive to the sentence the defendant was already serving. (Sent. Tr. at 43-45, 104-05). Ultimately, after posing questions to each side, and hearing from the Government, defense counsel, the defendant, and certain victims, the Court imposed a below-Guidelines sentence of 38 months' imprisonment, to run consecutively to the sentences imposed by Judge Buchwald. The Court set forth its rationale and the specific factors it relied upon in imposing sentence. (Sent. Tr. at 104-05).

The defendant filed a Notice of Appeal on September 29, 2017. In addition to the appellate brief filed by defense counsel, the defendant sought to file a supplemental brief *pro se*, which he did, after bring granted several extensions, on February 22, 2019. The Government filed its appellate brief on May 23, 2019. The defendant then filed several additional motions before the Second Circuit, including motions for the appointment of standby or CJA counsel, both of which were denied. On December 12, 2019, the Second Circuit issued an order granting the defendant's most recent *pro se* motion for an extension of time to file his reply and indicating that no further extensions would be granted. *United States v. Lisi*, 17-3158, Dkt. No. 256 (2d Cir. Dec. 12, 2019).

On December 17, 2019, the defendant filed a motion for compassionate release before this Court, based on his own health concerns and those of his mother.[4] On January 8, 2020, the defendant filed the instant motion for bail pending appeal.

## II. Applicable Law

A court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released," and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). This provision gives effect to Congress's view that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances." *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)). In short, at this stage, there is a "presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004). It is the defendant's burden to "rebut that presumption with clear and convincing evidence." *Id.*

Under the second prong of the standard, a "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotation marks omitted). "If a court does find that a question raised on appeal

---

[4] As directed by the Court, the Government will file its response to that motion by February 17, 2020.

3

is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (quoting *Miller*, 753 F.2d at 23). With respect to all issues, "the burden of persuasion rests on the defendant." *Id.*

## III. Discussion

Put simply, the defendant has not raised a single substantial question of law or fact likely to result in the reversal of his conviction or the imposition of a reduced sentence. As a result, his request for bail pending appeal should be denied.

### A. *The Sentence Imposed*

The defendant contends that his sentence was unreasonable because the Court should have imposed a sentence concurrent with that imposed by Judge Buchwald. The defendant has waived his right to challenge his sentence and, even if he had not, fails to raise any issues that might present a "close question" on appeal.

At the outset, the defendant waived his right to appeal any sentence within or below the range of 51 to 63 months' imprisonment (Plea Ag. at 4); the sentence imposed by the Court was 38 months' imprisonment. Moreover, the plain language of the Plea Agreement makes clear that the waiver applies whether the sentence imposed was concurrent or consecutive to any other sentence. (Plea Ag. at 4-5) ("The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case."). The Second Circuit has repeatedly found waivers of the type included in the Plea Agreement valid and enforceable. *See United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) ("We have long held that waivers of the right to appeal a sentence are presumptively enforceable." (internal quotation marks and brackets omitted)). As a result, there is no "substantial question" as to whether the defendant's sentence might be reversed on appeal, as his challenge to the sentence is waived.

Even absent the waiver, the defendant's arguments do not merit bail pending appeal.[5] Absent any procedural error, the Second Circuit, in evaluating the reasonableness of a sentence, will not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the Section 3553(a) considerations in any particular case," nor "set aside a district court's substantive determination," except "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). Here, the Court conducted a lengthy and thorough sentencing proceeding, evaluating numerous arguments made by defense counsel before setting forth the

---

[5] The defendant's brief on the instant motion does not provide a clear legal basis for his assertion that a concurrent sentence should have been imposed "as a matter of law." *See* (Def. Br. at 11-13). As set forth herein, the imposition of a consecutive sentence is neither procedurally, nor substantively, unreasonable.

4

reasoning for the sentence imposed. With regard to the imposition of a consecutive sentence, as the Government argued at sentencing, the instant offense is separate in time from the defendant's prior offenses and involves distinct misrepresentations, victims, and proceeds. While the defendant's earlier offenses involved traditional mortgage fraud, committed against lenders, here, the defendant and his co-conspirator induced investment in real estate and other projects from individual victims, and then diverted much of those funds for their own purposes. At sentencing, the Court heard substantial argument on the question of whether the sentence in the instant case should be imposed concurrent to the sentence imposed by Judge Buchwald and explicitly considered whether the conduct this case was, essentially, "relevant conduct" under the United States Sentencing Guidelines with regard to the defendant's prior convictions. Having heard those arguments, the Court determined that a concurrent sentence was not appropriate. *See* (Sent. Tr. at 102-103) ("I don't see this as relevant conduct. . . . [N]or do I consider this to be situation akin to 5G1.3 or 5K2.23 where I should be giving him credit for time served in this other case.")). The defendant raises no new argument or fact that alters that conclusion, nor does he raise any serious challenge to the appropriateness of his sentence.[6]

 *B. Venue*

Lisi also claims that venue was improper in this case. (Def. Br. at 14-22). Any objection to venue was waived by Lisis's plea. *See United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001) ("Having entered a valid plea, [the defendant]'s objection as to venue is waived. [The defendant] claims that his objection is preserved because it is jurisdictional in nature. . . . Venue is not jurisdictional, however." (citations omitted)); *see also, e.g.*, *United States v. Powell*, 324 F. App'x 123, 124 (2d Cir. 2009). Moreover, at the defendant's plea proceeding, the Government proffered that the evidence at trial would establish venue by a preponderance of the evidence, and explained what that evidence would be, specifically that one or more relevant money transfers were made from a bank in Manhattan and that a co-conspirator and a victim participated in a meeting with an attorney in Manhattan, which was designed to further the objects of the conspiracy. (Pl. Tr. at 32). While the defendant asserts on the instant motion that venue was improper, he does not engage with either of these pieces of proffered evidence, nor explain why

---

[6] In seeking bail pending appeal, the defendant also argues that the sentence imposed created an improper sentencing disparity when compared to that imposed on his co-defendants. Notably, the defendant did not raise this argument in either his counseled or *pro se* opening briefs on appeal. As such, he cannot prevail on said argument on appeal. Additionally, his argument is without merit. The defendant played a central role in carrying out the scheme to which he has pleaded guilty. As set forth in greater detail in the PSR and the Government's sentencing submission, he personally made many of the false statements upon which his victims relied. He also took steps to induce one of his victims to make false statements in a bankruptcy proceeding. The defendant's role, thus, supports a longer sentence than that received by his co-defendants. Moreover, the defendant's prior criminal conduct – and the fact that he committed the instant offenses while on bail – further support the imposition of a longer sentence than that received by Arvanitakis, a first time offender.

5

they were inadequate.[7] The Court was entitled to rely on the Government's proffer in determining that there was a sufficient factual basis supporting the defendant's plea. *See, e.g., United States v. Babilonia*, 687 F. App'x 63, 69 (2d Cir. 2017); *United States v. Benn*, 437 F. App'x 21, 22 (2d Cir. 2011). Accordingly, the defendant has not raised a close question related to venue sufficient to justify bail pending appeal.

C. *Ineffective Assistance of Counsel*

The defendant also argues that he should be released on bail because he has raised substantial questions as to the effectiveness of three of his prior attorneys, Zelin, Scolari, and Grob. (Def. Br. at 7-11), though only Scolari and Grob ever appeared in this action. For the reasons set forth below, the defendant's claim of ineffective assistance is without merit and is a far cry from raising the kind of "close question" necessary to support release on bail pending appeal.

A defendant claiming ineffective assistance of counsel must: (1) demonstrate that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms"; and (2) "affirmatively prove prejudice" from counsel's allegedly defective performance. *Strickland v. Washington*, 466 U.S. 668, 688,693 (1984); *see Hernandez v. United States*, 202 F.3d 486, 488 (2d Cir. 2000). Only if both elements are satisfied can a defendant demonstrate that his counsel "was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that the defendant was, as a result, deprived of a fair proceeding. Strickland, 466 U.S. at 687. Under the first prong of the *Strickland* analysis, the court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689 (alterations in original)). In order to demonstrate prejudice, the defendant "must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687). The reviewing court must assess "whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 694).

Any claim that Zelin was constitutionally ineffective is improperly brought in the instant case and will not prevail. Zelin did not represent the defendant before this Court at any time in the course of these proceedings. While Zelin represented the defendant in proceedings before Judge Buchwald at the time the Government's December 2012 letter was filed, Lisi cannot claim to have received ineffective assistance of counsel from Zelin in the case before this Court, because, at the time Zelin represented him, he had not been charged in the Indictment and therefore had no Sixth

---

[7] Notably, the defendant does argue that venue must be proper as to each and every count. (Def. Br. at 17-18). Here, of course, the defendant pleaded guilty to one count – a wire fraud conspiracy—and the Government proffered proof of venue as to that count.

6

Amendment right to counsel. *See Claudio v. Scully*, 982 F.2d 798, 802 (2d Cir. 1992) ("A defendant cannot prevail on an ineffective assistance of counsel claim when the constitutional right to counsel has not attached."). Moreover, there is nothing in the record in this case that supports the conclusion that Zelin was ineffective. To the contrary, as the Court noted in considering these issues at sentencing, the documentary evidence, including the email correspondence between Zelin and the Government, suggests that Zelin did, in fact, convey to Lisi a plea offer encompassing the conduct in this case and that Lisi decided to reject it. (Sent. Tr. at 44). Even if there were any merit to Lisi's allegations that Zelin failed to convey the offer —and there is not—at bottom, an appeal from this separate prosecution is simply not the appropriate procedural mechanism for Lisi to attempt to litigate his claims that Zelin was ineffective, as the Court noted at sentencing. *See* (Sent. Tr. at 43) ("So I don't know why it is appropriate for me to think about what Mr. Zelin did or did not do and why I should be bringing it into my case.").

The defendant also challenges the assistance provided by his attorneys in this case – Lisa Scolari, Esq. and Joseph Grob, Esq. These claims are properly brought as Section 2255 petitions, not on direct appeal, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), and thus do not justify release pending appeal. Moreover, neither challenge is meritorious. Both are predicated on purported failures of counsel to account for the plea agreement offered to the defendant in April 2013, which encompassed his conduct in the cases before Judge Buchwald and, to the extent it was known to the Government at the time, in the instant case. The defendant claims Scolari was ineffective in not alerting him to the existence of the 2013 agreement earlier and Grob in failing to challenge Lisi's plea in light of that agreement.[8] (Def. Br. at 10). The defendant wholly fails to articulate how the existence of a plea agreement offered and withdrawn more than two years before this case was even filed could have altered his decision to plead guilty to the instant charges or caused him any prejudice; as a result, he cannot claim to have demonstrated that a "close question" exists as to the constitutional effectiveness of his counsel.

D. *The Purportedly "Exceptional" Circumstances*

Finally, the defendant argues that he should be released on bail as a result of "exceptional reasons," specifically, his own health, the health of his mother, and his need to complete his appellate reply brief. (Def. Br. at 6-7). These circumstances cannot form the basis for release without the defendant's establishing a substantial likelihood he will prevail on appeal. Indeed, in the only case upon which the defendant relies, *United States v. Dimattina*, 885 F. Supp. 2d 572 (E.D.N.Y. 2012), Judge Weinstein granted bail pending appeal after finding that the "the defendant has raised substantial questions that may merit relief on appeal or collateral attack" *and* had "remarkable and uncommon personal circumstances," including that his criminal conduct was "aberrant," he had a "history of hard work and charitable contributions" and approximately 60 employees depended on his business for employment. *Id.* at 589 (internal quotations omitted). As set forth above, the defendant has made no such similar showing as to the merits of his claims on appeal. Nor do his personal circumstances rise to the level that might justify release even if he

---

[8] The defendant claims on the instant motion that Scolari was "ineffective by not showing him the April 16, 2013 Plea Agreement, much less advising him to take the deal." (Def. Br. at 10). Scolari, of course, was not the defendant's counsel in 2013 and could not have advised him to take a deal offered years before she became his attorney.

7

had. The defendant's criminal conduct is hardly aberrant; he has been indicted in this District alone three times. The questions of his health and the health and care of his mother were discussed at sentencing and considered by this Court in imposing a below-Guidelines sentence. (Sent. Tr. at 78-80, 105). Indeed, Judge Buchwald considered and rejected similar arguments as to the defendant's mother's health at the defendant's sentencing on the 2009 indictments, noting that the defendant had engaged in "shameless reliance on your mother's health condition" to secure a more lenient sentence. *See* (Govt. Sent. Br. at 10) (citing the 2014 sentencing transcript). To the extent the defendant also argues that he must be released in order to prepare a reply brief in the appeal pending before the Second Circuit, his assertion is belied by the appellate record. The defendant prepared a lengthy *pro se* opening brief and has received several extensions to afford him additional time to prepare his reply. He has also been afforded related relief by the Second Circuit to permit him to more easily complete his reply brief without access to specific materials; for example, on October 11, 2019, the Circuit granted him permission to cite to the district court record and to the record of proceedings in related lawsuits he filed, and taking judicial notice of those proceedings. *United States v. Lisi*, 17-3158, Dkt. No. 246 (2d Cir. Oct. 11, 2019). In the absence of any "close question" presented to the Circuit on appeal, the defendant's mere need for access to legal materials—common to every incarcerated defendant seeking post-conviction relief—is not grounds for his release.

For the reasons set forth above, the defendant's motion for bail pending appeal should be denied.

                                                Respectfully submitted,

                                                GEOFFREY S. BERMAN
                                                United States Attorney
                                                Southern District of New York

By: _____
      Katherine Reilly/Noah Solowiejczyk
      Assistant United States Attorneys
      (212) 637-6521/2473

cc:     Brandon Lisi, *pro se* (by U.S. mail)