UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES | |
|---|---|
| -v.- | 15 Cr. 0457 (KPF) |
| BRANDON LISI, | ORDER |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of a *pro se* motion from Defendant Brandon Lisi, styled "Emergency Motion for Immediate Release for Bail Pending Appeal." (Dkt. #205). Defendant argues that, given the expiration of his prior sentence, imposed by the Honorable Naomi Buchwald, and his pending appeal of this Court's sentence before the Second Circuit, he is entitled to release pursuant to 18 U.S.C. § 3143(b)(1) or, alternatively, pursuant to 18 U.S.C. § 3145(c). (*Id.* at 2). Specifically, Defendant claims that he is entitled to release because: (i) he is neither a flight risk nor a danger to the community; (ii) his appeal raises several substantial questions of law or fact likely to result in a reduced sentence; and (iii) his and his mother's health issues qualify as "exceptional reasons" for release. (*Id.* at 2-3). The Government broadly opposes Defendant's motion. (Dkt. #209).

Having carefully reviewed the parties' submissions, the Court finds that Defendant's motion should be denied. As a preliminary matter, the Court notes that any reliance on 18 U.S.C. § 3145(c) is inappropriate. Section 3145(c) is only applicable when the defendant's case involves one of the three categories of crimes enumerated at 18 U.S.C. § 3142(f)(1)(A)-(C), none of which

includes Defendant's conviction for conspiracy to commit wire fraud. (Dkt. #120). *See United States* v. *Jiau*, No. 11 Cr. 161 (JSR), 2012 WL 12883779, at *2 (S.D.N.Y. Aug. 7, 2012). Therefore, the only question before the Court is whether Defendant has satisfied his burden under 18 U.S.C. § 3143(b)(1).

Section 3143(b)(1) provides that a judicial officer shall detain a person who has been convicted, sentenced to a term of imprisonment, and has filed an appeal unless "the person poses no risk of flight and no danger to the community during release and that the appeal 'raises a substantial question of law or fact likely to result in' reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay." *See* 18 U.S.C. § 3143(b)(1); *United States* v. *DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991). Given that the Government does not argue that Defendant poses either a flight risk or a danger to the community, the Court focuses on whether Defendant's appeal raises a "substantial question or law or fact." In order for a question to qualify as "substantial," it must be "a 'close' question or one that very well could be decided the other way." *United States* v. *Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (quoting *United States* v. *Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). If the question is indeed substantial, the Court must then determine "whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *United States* v. *Archer*, 813 F. Supp. 2d 339, 344 (E.D.N.Y. 2010) (quoting *Randell*, 761 F.2d at 125).

Defendant raises three possible grounds for the Court finding that his appeal raises a substantial question: (i) Defendant suffered from ineffective assistance of counsel; (ii) Defendant should have received a concurrent sentence as a matter of law; and (iii) venue was improper. (Dkt. #205 at 7-22). The Court addresses each in turn.

Defendant has failed to show that his appeal raises a substantial question regarding whether he suffered from ineffective assistance of counsel. A defendant claiming ineffective assistance of counsel "must show that [i] his attorney's performance was deficient[;] and [ii] the deficient performance prejudiced him." *United States* v. *Galanis*, 759 F. App'x 88, 91 (2d Cir. 2019) (summary order) (citing *Missouri* v. *Frye*, 556 U.S. 134, 140 (2012)). In regards to the first prong, an attorney's performance is deficient when she has "'made errors so serious' that the representation fell below 'an objective standard of reasonableness.'" *United States* v. *Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990). "The court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.*

Defendant primarily argues that his counsel failed him by neither showing him a plea agreement from his prior case before Judge Buchwald, dated April 16, 2013, nor advising him whether to accept that plea deal. (Dkt. #205 at 7-8, 10). Importantly, neither Lisa Scolari nor Joseph Grob, Defendant's counsel during his case before this Court, represented Defendant in his case before Judge Buchwald, nor did either attorney play a role in the negotiation of the 2013 plea agreement. Although Defendant has cited to

3

*Galanis* (Dkt. #205 at 7-8), in which the defendant's counsel was found to be ineffective for failing to advise him about the existence of a plea offer that was given contemporaneously with the plea offer that was accepted, *see* 759 F. App'x at 90, 92, this is not the situation before the Court. Instead, Defendant is asking the Court to find that both of his attorneys were constitutionally deficient for failing to advise him about a plea deal that had been offered four years prior to his plea in this case — and, indeed, over two years prior to Defendant's indictment in this case. Defendant has failed to offer any relevant authority to support such a finding, and therefore there is nothing to rebut the "strong presumption" that counsel's conduct was reasonable. The Court does not find that Defendant has raised a "close" question as to whether he received ineffective assistance of counsel, and will not order him released pending appeal on such a basis.

Defendant also fails to raise a substantial question as to whether he should have received a concurrent sentence as a matter of law. As the Government notes in its opposing letter, Defendant waived his right to appeal any sentence within or below the range of 51 to 63 months' imprisonment in his plea agreement. (Dkt. #209 at 4). This waiver expressly applied regardless of whether the sentence was imposed to run concurrently or consecutively. (*Id.* (quoting the plea agreement)). Defendant was sentenced to 38 months' imprisonment (*id.*), well below the range set out in the plea agreement, and therefore Defendant has waived his right to appeal his sentence. The Court

need not consider whether there is a "close" question, as Defendant, through his plea agreement, foreclosed the raising of any question on this subject.

Finally, Defendant has failed to raise a substantial question as to whether there was improper venue. By entering a valid plea, Defendant waived any objection he might have had to venue in this case. *See United States* v. *Calderon*, 243 F.3d 587, 590 (2d Cir. 2001). Defendant's contention that venue cannot be waived is clearly contradicted by the Second Circuit. *See id.* at 590-91. Therefore, Defendant has similarly failed to raise a question of law or fact that could very well be decided the other way.

Beyond his arguments in favor of applying § 3143(b)(1), Defendant also asks the Court to consider the "exceptional reasons" for his release — namely, his and his mother's health, as well as certain issues Defendant has had receiving materials from the Bureau of Prisons. (Dkt. #205 at 6-7). However, such exceptional reasons would only be relevant if the circumstances presented here warranted the application of 18 U.S.C. § 3145(c). As already discussed, § 3145(c) does not apply to these facts, and therefore the Court need not, and should not, consider Defendant's arguments regarding the exceptional reasons for his release.

For the reasons previously set forth in this Order, Defendant's motion for emergency release pursuant to 18 U.S.C. § 3143(b)(1) is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 205.

SO ORDERED.

Dated: January 27, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Brandon Lisi
Reg. No. 62739-054
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232