UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 15-CR-457 (KPF) |
| ) | |
| BRANDON LISI, ) | |
| Defendant ) | |

**PETITIONER'S REPLY IN SUPPORT OF HIS MOTION
FOR BAIL PENDING APPEAL**

The Government's Opposition Brief (Dkt. No. 208) (Gov. Opp.) is not just misguided it is beneath the dignity of an officer of this Court and should not be countenanced. As Justice Sutherland famously stated for the Supreme Court:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935).

Significantly, nowhere does the Gov. Opp. mention the most important factors for an application of Bail Pending Appeal (BPA): the fact that Petitioner is not a flight risk or a danger to the community. Petitioner has a spotless prison record and still has not been given access to his legal materials or sent to a Camp as this Court ordered so long ago. None of those salient points are mentioned in the Government's *ad hominem* attacks on Petitioner. Moreover, the Government has failed to make its case and has truly made Petitioner's case for him. Since the Government tacitly admits that Petitioner is not a flight risk or a danger to the community, then BPA is mandatory

1

because the Government's entire brief debates the issues that are before the Second Circuit right now. The fact that both Zelin and Scolari were involved in the April 16, 2013 plea agreement that was never shown to Petitioner makes his case for a *Lafler* v. *Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 134, 149 (2012) claim of ineffective assistance of counsel. *See United States v. Galanis*, 759 Fed.Appx. 88 (2d Cir. 2019), in which Attorney Scolari was also involved.

Similarly, the Government's discussion concerning Venue means that Petitioner has a winnable case on that issue alone. It is impossible to separate Petitioner's argument from *United States v. Novak*, 443 F.3d 150 (2d Cir. 2006) or *United States v. Bezmalinovic*, 962 F. Supp. 435 (S.D.N.Y. 1997), and legal arguments are to be reviewed *de novo* by the Second Circuit, not by the Government. If Sheldon Silver could get BPA for his appeals, then clearly Petitioner should as well. The Government's *ad hominem* attacks are both inappropriate and unprofessional in that "[t]he United States Attorney...may prosecute with earnestness and vigor.... But, while he may strike hard blows, he is not at liberty to strike foul ones." *Berger* at 88. Besides improperly "arous[ing] passion and prejudice," such comments are "offensive to the dignity and good order with which all proceedings in court should be conducted." *Viereck v. United States*, 318 U.S. 236, 248 (1943).

Furthermore, nowhere does the Government mention Petitioner to be a flight risk or danger to the community, and if a defendant poses no risk of flight or public danger and "can make the required evidentiary showing", then as here, the defendant should be able to "enjoy a "right to liberty that is...mandatory." *United States v. Silver*, 864 F.3d 102, 124 (2d Cir. 2017), *citing United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004). Petitioner's appeal easily qualifies. The Government claims that none of Petitioner's issues are substantial, but that is not the standard. If any of the issues are decided in Petitioner's favor, such as a concurrent sentence instead of a

consecutive sentence, then he would be eligible for immediate release. Therefore, based on *Abuhamra,* bail pending appeal is mandatory. The Government also fails to understand that in *United States v. Dimattina*, 885 F.Supp.2d 572 (E.D.N.Y. 2012), Judge Weinstein felt there were compelling issues under §3145(c) to grant BPA and Petitioner meets all three: not a flight risk or danger to the community; the appeal raises a substantial issue and is not for purposes of delay; and there are exceptional reasons to release pending appeal. *Dimattina* at 583.

The Government has provided yet one more issue. The one thing that the Supreme Court has made clear is that Petitioner should have been sentenced on the man he was in 2017, not the man the Government claims he was in front of Judge Buchwald, or from 2009-2012. "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *Pepper v. United States*, 562 U.S. 476, 492 (2011), *citing United States v. Bryson,* 229 F.3d 425, 426 (2d Cir. 2000). He also had the right to be sentenced on true facts. *See United States v. Delacruz*, 862 F.3d 163, 175 (2d Cir. 2017), *citing Townsend v. Burke*, 334 U.S. 736, 741 (1948) where the Supreme Court stated: "…what the Due Process Clause does require is that a defendant not be sentenced on the basis of "materially untrue" assumptions or "misinformation," and that he have an opportunity to respond to material allegations that he disputes, in order that the court not sentence him in reliance on misinformation." Moreover the Government fails to understand that Petitioner's Criminal History was calculated incorrectly, and that constitutes "plain error" under the Supreme Court's decisions in *Rosales-Mireles v. United States*, 138 S.Ct. 1897 (2018) and *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016).

## CONCLUSION

For the reasons stated above, Petitioner respectfully requests that his Motion for Bail Pending Appeal be granted in the interests of justice.

Dated: January 24, 2020
at Brooklyn, New York

Respectfully Submitted,

/s/ Brandon Lisi
Brandon Lisi
Reg. No. 62739-054
Defendant, Pro se
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232