UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

BRANDON LISI,

Defendant.

15 Cr. 457 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

In 2017, Brandon Lisi was sentenced by this Court principally to 38 months' imprisonment for his orchestration of and participation in a scheme that defrauded four separate individuals of approximately $1.5 million. Notably, Lisi's engagement in the charged scheme took place while he was already facing two indictments in this District and one in New York State court for entirely separate fraudulent schemes, for which he was ultimately sentenced to 78 months' imprisonment by the Honorable Naomi Reice Buchwald and one to three years' imprisonment by the Honorable William J. Condon. Lisi has now been incarcerated for a bit less than six years, and is due to be released on September 12, 2022.

At least as far back as 2012, Lisi has urged courts to grant him special accommodations and leniency due to his mother, Charlotte Lisi's, health conditions. More recently, the Court has received numerous letters and submissions from Lisi regarding his mother's deteriorating health, including an Emergency Motion for Immediate Release for Bail Pending Appeal, which the Court denied on January 27, 2020. The Court now considers Lisi's Motion for Compassionate Release (the "Motion"), which he brings *pro se* pursuant to 18

U.S.C. § 3582(c)(1)(A). Lisi urges the Court to grant his Motion and reduce his sentence to time served based on his mother's poor health; his own health issues; and his good behavior while incarcerated. The Government broadly opposes Lisi's Motion. For the reasons set forth in the remainder of this Opinion, Lisi's Motion is denied.

## BACKGROUND[1]

In July 2009, Brandon Lisi was indicted on charges of grand larceny in the first and second degrees by the New York State Supreme Court, Suffolk County. *People* v. *Lisi*, Ind. No. 01709D-2009. The charges stemmed from Lisi's participation in a wide-ranging scheme to induce lenders to make loans for certain real estate properties on Long Island. (PSR ¶ 52).[2]

That year saw Lisi indicted twice more, both times federally. Lisi was originally indicted in this District on October 5, 2009, for conspiring to commit wire fraud and bank fraud in *United States* v. *LaRochelle*, No. 09 Cr. 948 (NRB). (Gov't Opp. 2). Similar to the conduct underlying the Suffolk County

---

[1] The Court draws its background facts principally from the Government's response to the Motion ("Gov't Opp." (Dkt. #216)), due to the Government's comprehensive account of Lisi's prior criminal conduct, and from the Presentence Investigation Report prepared in this case ("PSR" (Dkt. #101)). The Court also takes under consideration the copious documents that Lisi has provided to the Court, including the Motion (Dkt. #200); his Declaration in Support of His Motion for Compassionate Release ("Lisi Decl." (Dkt. #206)); a supporting letter from Vito A. Palmieri, Esq. (Dkt. #204); a sealed letter from Lisi's mother (Dkt. #203); and a voluminous submission received by mail that the Court has sealed due to the sensitive medical information enclosed (Dkt. #217).

[2] Lisi pleaded guilty to the charges on July 29, 2011, and was sentenced by Judge Condon to an indeterminate term of one to three years' imprisonment on June 18, 2014. (PSR ¶ 52). The Court understands from exhibits to Lisi's habeas petition, filed in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 2254, that Lisi appealed, unsuccessfully, from his state-court conviction. *See Lisi* v. *People of the State of New York*, No. 18 Civ. 6375 (JMA) (E.D.N.Y. Nov. 8, 2018).

indictment, Lisi was alleged to have prepared sales contracts and procured straw buyers as part of a scheme to induce lenders to make loans for certain residential properties in New York City and on Long Island. (*Id.*). In December 2009, Lisi was separately indicted for conspiracy to commit bank and wire fraud, as well as the substantive offenses of bank and wire fraud, in *United States* v. *Dente*, No. 09 Cr. 1188 (LTS). Lisi was alleged to have held himself out as an attorney, when he was not in fact admitted to practice law in the State of New York, and along with his co-conspirators to have obtained numerous home mortgage loans under false pretenses, with a total face value of over $7.4 million. (*Id.*). Lisi himself was alleged to have misappropriated approximately $1.28 million through a fraudulently obtained refinancing loan on a property in Manhasset, New York. (*Id.*).

On April 19, 2013, Lisi pleaded guilty before Judge Buchwald to Count One of the two federal indictments, which for both was conspiracy to commit bank and wire fraud. (Gov't Opp. 3). Lisi later sought to vacate this guilty plea, but Judge Buchwald denied the motion and subsequently sentenced him to 78 months' imprisonment, at the low end of the applicable range under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). (*Id.*).[3] At sentencing, Judge Buchwald noted both Lisi's "shameful reliance" on his mother's health condition[4] and the fact that Lisi had not "truly recognized

---

[3]  Judge Buchwald's decision denying Lisi's motion to vacate contains a detailed summary of the procedural history of that case. (*See* 09 Cr. 948 Dkt. #306).

[4]  Among other things, Judge Buchwald recalled an episode in April 2012 when Lisi brought his ailing mother to a pretrial conference, against medical advice and all

3

the wrongfulness of his conduct." (*Id.* at 4; *see also* 09 Cr. 948 Dkt. #311 (transcript of sentencing)).  Despite having pleaded guilty pursuant to a plea agreement containing an appellate waiver, Lisi appealed from his conviction and sentence.  (Gov't Opp. 5; *see also* 09 Cr. 948 Dkt. #309 (notice of appeal), 344 (Second Circuit mandate affirming Judge Buchwald's denial of Lisi's motion to withdraw his guilty plea and dismissing Lisi's sentencing challenges as barred by his appellate waiver)).

    Separate and apart from the offenses for which he was thrice charged in 2009, Lisi engaged in a fourth fraudulent scheme alongside Katerina Arvanitakis from approximately 2010 to 2014.  (Gov't Opp. 5).  This scheme resulted in the loss of approximately $1.5 million to four separate victims, one of whom was a widow with two children.  (*Id.* at 5-6).  Importantly, Lisi began engaging in this fraudulent scheme while he was on bail for the three above-described indictments, and, indeed, even past his guilty pleas to those indictments.  (*Id.* at 2, 5).  Lisi was indicted for this later conduct on July 20, 2015 (Dkt. #1), and pleaded guilty before this Court on April 3, 2017, pursuant to a plea agreement with the Government (Minute Entry for April 3, 2017).

    Although the plea agreement stipulated that the applicable Sentencing Guidelines range was 51 to 63 months' imprisonment, the Court sentenced Lisi to only 38 months' imprisonment, which term it ordered to run consecutively to

---

    common sense, in order to demonstrate Mrs. Lisi's dependence on him: "You should be ashamed of your shameless reliance on your mother's health condition when at the same time you dragged her into court for no reason other than an obvious ploy to appeal to the Court's sympathy."  (09 Cr. 948 Dkt. #311 at 27).

his sentence from Judge Buchwald. (Gov't Opp. 7). In imposing its below-Guidelines sentence, the Court carefully balanced the sentencing factors contained in 18 U.S.C. § 3553(a). While the Court noted Lisi's record of good behavior in prison and his concerns for his mother's health, the Court also emphasized the egregiousness of Lisi's conduct. (*Id.* at 7-8). The Court settled on a below-Guidelines sentence due to Lisi's progress, good deeds, and "the hope that he reenters society and is, again, a productive citizen." (*Id.* at 8). Despite again entering a guilty plea pursuant to a plea agreement with an appellate waiver, Lisi has filed an appeal from his conviction and sentence in this case. (*Id.*; Dkt. #124 (notice of appeal)).

## DISCUSSION

### A.  Applicable Law

Lisi brings his Motion pursuant to 18 U.S.C. § 3582(c)(1)(A), which was amended by Congress as part of the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). Section 3582(c)(1)(A) permits a defendant to bring a motion for a reduction in the term of his imprisonment, *inter alia*, after "the lapse of 30 days from the receipt of" a request by the warden to bring the same motion on the defendant's behalf. Upon such a motion, the court may "reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The relevant policy statement is found in U.S.S.G. § 1B1.13, which states in pertinent part that

> [T]he court may reduce the term of imprisonment if … the court determines that [e]xtraordinary and compelling reasons warrant the reduction; … [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and [t]he reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)(A), (2), and (3). Additionally, the court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States* v. *Ebbers*, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (citing *United States* v. *Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

**B.   Analysis**[5]

   **1.   There Arguably Exist Extraordinary and Compelling Reasons for Reduction**

As a preliminary matter, the Government does not assert that Lisi remains "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Therefore, the Court will focus its analysis on whether Lisi has met his burden of showing that extraordinary and compelling reasons warrant the requested reduction in his sentence. With a measure of

---

[5]   The Government does not contest that Lisi's Motion is procedurally proper, and therefore the Court will directly address the merits of the Motion instead of focusing on 18 U.S.C. § 3582(c)(1)(A)'s procedural requirements.

6

trepidation, given the many times Lisi has cried wolf in the past, the Court finds that he has.

The commentary to § 1B1.13 of the Sentencing Guidelines provides an enumerated, defined set of categories of extraordinary and compelling reasons. U.S.S.G. § 1B1.13, cmt. n.1.  Relevantly, these include the medical condition of the defendant and family circumstances, as well as a catch-all category that allows the Director of the Bureau of Prisons ("BOP") to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the enumerated categories.  *Id.*, cmt. n.1(A), (C), (D).

The Court acknowledges the existence of a dispute as to whether, despite the First Step Act removing the BOP as the necessary intermediary between a defendant and the court, the Court must still defer to the BOP's determination of what qualifies as an "extraordinary and compelling reason" for this catch-all category.  *See United States* v. *Rivernider*, No. 10 Cr. 222 (RNC), 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020) (comparing cases in which courts have determined that the BOP remains the gatekeeper of the catch-all category with cases finding that the courts now make that determination).  However, the Court finds that the majority of district courts to consider the question have found that the amendments made to 18 U.S.C. § 3582(c)(1)(A) grant this Court the same discretion as that previously give to the BOP Director, and therefore the Court may independently evaluate whether Lisi has raised an extraordinary and compelling reason for compassionate release.  *See, e.g., id.*; *Ebbers*, 2020

WL 91399, at *4 n.6; *United States* v. *Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); *United States* v. *Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019). With that said, "§ 1B1.13's descriptions of 'extraordinary and compelling reasons' remain current," *Ebbers*, 2020 WL 91399, at *4, and "[t]he standards for considering the motion remain helpful as guidance to courts which hear these motions without the BOP as an intermediary," *United States* v. *Zullo*, No. 09 Cr. 0064-02 (GWC), 2019 WL 7562406, at *3 (D. Vt. Sept. 23, 2019).

The Court reads Lisi's Motion as requesting compassionate release based on his own personal health issues; the procedural unreasonableness of his present sentence; his good behavior while incarcerated; and his mother's health. (Motion 1-2). Proceeding on the first ground, Lisi has provided documentation indicating that he is suffering from issues relating to a maxillary cyst, which is affecting his vision and sense of smell; chronic asthma; pain in his back, shoulders, and left arm; and chronic high blood pressure. (Dkt. #217). Section 1B1.13 provides that a defendant can establish an extraordinary and compelling reason if he is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The BOP has elaborated on what qualifies as a serious physical or medical condition: It is when the defendant either has an "incurable progressive illness or has suffered a debilitating injury from which he will not

8

recover"; is "completely disabled, meaning the defendant cannot carry on any self-care and is being totally confined to a bed or chair"; or is "capable of only limited self-care and confined to a bed or chair more than 50% of waking hours." *See United States* v. *Israel*, No. 05 Cr. 1039 (CM), 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019) (internal brackets, quotation marks, and ellipses omitted) (quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement, OPI OGC/LCI, Number 5050.50, Jan. 17, 2019, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), at 5).  Although the Court does not disbelieve that Lisi experiences discomfort from his various maladies, Lisi has not met his burden of showing that his present conditions so incapacitate him as to warrant a reduction of his sentence.  BOP's guidance, read in conjunction with the Application Notes to § 1B1.13, indicate that a defendant's medical condition must be one of substantial severity and irremediability, and Lisi has not shown that he suffers from such conditions.

The Court also rejects Lisi's Motion insofar as it relies on the improperness of his sentence or his rehabilitation.  Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, the Court believes that it would be both improper and inconsistent with the First Step Act to allow Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.  *See Rivernider*, 2020 WL 597393, at *4 ("To my knowledge, nobody has suggested that the 'extraordinary and compelling'

9

standard can be satisfied by claims of legal error or other alleged wrongs that are cognizable on direct appeal ... or by means of a habeas corpus petition."). Additionally, Application Note 3 to § 1B1.13 expressly states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." Therefore, the Court will not find that Lisi has raised an extraordinary and compelling reason for compassionate release on either ground.

However, the Court does find, on the record before it, that Charlotte Lisi's present health condition meets the standard of being an extraordinary and compelling reason for reduction in sentence. Lisi, his mother, and numerous others have provided evidence to the Court indicating that Mrs. Lisi is both incredibly unwell, and has been for some time, and that whatever assistance she is currently receiving from home health aides is inadequate. (Dkt. #203-206, 217). Indeed, if Lisi and his advocates are to be believed, Mrs. Lisi has been living in dire conditions.[6]

The Government argues that even if Mrs. Lisi were as unwell as Lisi claims, "her health condition does not warrant the extraordinary relief contemplated by § 3852(c)(1)(A)," because an ill parent does not fall within the "Family Circumstances" category. (Gov't Opp. 13). Relevantly, that category

---

[6] Regarding the credibility of these accounts, the Court notes that it received a phone call on February 21, 2020, from a woman claiming to be Charlotte Lisi's home health aide. The caller requested that Lisi be given an ankle monitor and permitted to return home. There is an obvious disconnect between Lisi's portrayal of his mother's aides as neglectful and uncaring (Dkt. #206), and this aide's active effort to intercede with the Court on Lisi's and his mother's behalves. Nevertheless, the Court will accept, with caution, the evidence that has been provided to it that Charlotte Lisi is suffering greatly.

10

provides that the following qualify as extraordinary and compelling reasons: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. ... (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii). However, the Government's argument ignores the fact that a court may find that there exists an extraordinary and compelling reason other than those specifically enumerated in the Application Notes to § 1B1.13. *See Bucci*, 409 F. Supp. 3d at 2.

The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver. Here, the Court has received evidence from several sources indicating that Lisi is the only available caregiver for his mother, due to both the apparent incompetence or neglect of her hired aides and her daughter's (Lisi's sister's) either inability or complete aversion to helping her. (*See, e.g.*, Dkt. #203). "This Court sees no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse." *Bucci*, 409 F. Supp. 3d at 2. Therefore, the Court finds that, assuming the evidence submitted to the Court is factually accurate, Lisi has shown an extraordinary and compelling reason for compassionate release.

### 2. The Sentencing Factors Weigh Against Lisi's Motion

Even though the Court has found that Lisi has met the basic criteria for compassionate release, the Court's inquiry is not yet over:

> The court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

*Israel*, 2019 WL 6702522, at *2. The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) "the need for the sentence imposed [— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner]"; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (iv) "the need to provide restitution to any victims of the offense." *Ebbers*, 2020 WL 91399, at *6 (citing 18 U.S.C. § 3553(a)).

The sentencing factors weigh heavily against the reduction of Lisi's sentence to time served. *First*, Lisi's conduct was particularly egregious and offensive. Not only did he defraud his victims of large sums of money, but he also targeted and defrauded a widow trying to support two children on her

12

own. Compounding that egregiousness is the fact that Lisi perpetrated this fraud while offering his services as an attorney, and therefore using his position to induce a level of trust that he may not otherwise have been able to obtain. And it bears repeating that Lisi engaged in the offense for which this Court sentenced him while he was on pretrial or presentencing release for three other indictments. All of these facts, taken together, paint a portrait of a man with little compunction about doing others harm.

*Second*, granting Lisi time served would neither "afford adequate deterrence to criminal conduct" nor "promote respect for the law." 18 U.S.C. § 3553(a)(2)(A)-(B). As the Government notes, if Lisi was only serving Judge Buchwald's sentence, he would be due for release this month. (Gov't Opp. 11). Thus, Lisi has only just begun to serve the sentence imposed by this Court. If the Court were to reduce its sentence to time served, it would in practical effect mean that Lisi will have served no time at all for his most recent fraud. And while Lisi argues that he was "over-sentenced," the fact remains that this Court gave Lisi a sentence well below the Guidelines range. Granting Lisi's Motion would render this Court's sentence, and all its deterrent effect, a nullity.

*Third* and finally, Lisi continues to accept no responsibility for his crimes. The closest Lisi comes to contrition in his Motion is in saying that he made "mistakes" from 2009 to 2012. (Motion 10). Otherwise, Lisi offers no sentiments of remorse for his past conduct, and instead continues to argue that he was "over-sentenced" and that there is no "justifiable reason" to keep him in prison. (*Id.* at 2). Moreover, Lisi continues to challenge the punishment

13

he has received through direct appeals, despite agreeing to appellate waivers in both of his plea agreements.  Instead of expressing contrition for his past conduct and an understanding of the error of his ways, Lisi instead engages in self-pity and pleas for mercy for his mother.  The Court has no confidence that Lisi has yet grappled with the magnitude of his errors, and does not believe that any of the goals of sentencing would be served by granting him a sentence of time served.

The Court understands that Charlotte Lisi may be suffering, and it has the deepest sympathy for her plight.  When a defendant's life intersects with the criminal justice system, it affects everyone around that defendant, including those who do not merit such punishment.  But Brandon Lisi has known of his mother's declining health for the last ten years.  He could have devoted himself to planning for her care.  Instead, he chose to devote his energies towards a series of frauds for which he has to this day failed to account for.  Worse yet, Lisi has sought to capitalize on his mother's woes by proffering them as a basis for leniency, even as he continued — undeterred and with evident disregard for Mrs. Lisi's conditions — to engage in criminal conduct.  Compassionate release was not intended to reward such unrepentant defendants, regardless of the circumstances they have, through their own misdeeds, put their family members in.  Lisi's motion for compassionate release is denied.[7]

---

[7]   The Court also denies Lisi's request for a reply brief, expressed in his second Declaration.  (Dkt. #217).  The Court has received a considerable amount of information from the parties already, and believes that a reply would only be duplicative.

## CONCLUSION

For the reasons set forth in this Opinion, Lisi's motion is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 200.

SO ORDERED.

Dated:   February 24, 2020
         New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge

*A copy of this Order was mailed by Chambers to:*

Brandon Lisi
Inmate Reg. No. 62739-054
Metropolitan Detention Center
MDC-Brooklyn
P.O. Box 329002
Brooklyn, New York 11232