UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

BRANDON LISI,

Defendant.

15 Cr. 457 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On February 24, 2020, this Court issued an Opinion and Order denying Defendant Brandon Lisi's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States* v. *Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 881994, at *6 (S.D.N.Y. Feb. 24, 2020). (Dkt. #218). On March 13, 2020, the Court received by mail a motion from Defendant, dated March 12, 2020, requesting that the Court reconsider its denial of his prior motion for compassionate release. (Dkt. #220).

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Having carefully reviewed Defendant's motion for reconsideration ("Def. Recon."), the Court finds that reconsideration is not warranted.

To begin, Defendant sources his motion to Federal Rules of Civil Procedure 59 and 60, but the Court believes those rules are inapposite to this situation, involving as it does an order filed in his criminal case. Instead, the

Court believes the appropriate rule to be Local Rule 49.1, which provides in relevant part:

> Unless otherwise provided by statute or rule, or unless otherwise ordered by the Court in a Judge's Individual Practices or in a direction in a particular case, upon any motion, the papers shall be served and filed as follows:
>
> …
>
> (d) A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

Criminal Local Rule 49.1(d).[1]

Defendant's motion is untimely, and cases decided under the predecessor rule to Local Rule 49.1 have found that such untimeliness is itself a sufficient basis for denial. *See United States* v. *Yannotti*, 457 F. Supp. 2d 385, 390 (S.D.N.Y. 2006); *United States* v. *Nelson*, No. 10 Cr. 414 (PKC), 2011 WL 2207584 (S.D.N.Y. June 3, 2011). However, courts retain the discretion to excuse an untimely filing, and this Court will do that here.[2]

---

[1] Before the enactment of Criminal Local Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Civil Local Rule 6.3, which also specified a 14-day deadline for the filing of motions for reconsideration. *See generally United States* v. *Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3."). Because Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules. The Court observes that the standards for reconsideration under Federal Rules of Civil Procedure 59 and 60 in this context are substantively identical.

[2] *See generally United States* v. *Okparaeke*, No. 17 Cr. 225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019):

The standards for reconsideration among the civil and criminal rules are largely the same. As this Court has observed previously:

> [T]he moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (observing that the standard for granting motions for reconsideration is "strict").
>
> "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).
>
> The Second Circuit has made clear that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Such a motion likewise should not be made "reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *In re Optimal U.S. Litig.*,

---

Although courts may excuse an untimely filing, there generally must be good cause to do so. *See Davidson* v. *Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001) (excusing *pro se* plaintiff's untimely filing because of his *pro se* status and the fact that plaintiff had filed a notice of motion with the clerk in a timely fashion). Critically, a moving party's *pro se* status will not, on its own, excuse a delay. *See Fabricio* v. *Artus*, No. 06 Civ. 2049 (WHP) (GWG), 2013 WL 2126120, at *1 (S.D.N.Y. Apr. 18, 2018) (rejecting movant's argument that court should have treated untimely motion as timely because he was not a lawyer); *Grullon* v. *United States*, No. 99 Civ. 1877 (JFK), 2005 WL 1560479, at *1 (S.D.N.Y. June 28, 2005) ("*Pro se* status does not excuse noncompliance with the Local Rules.").

> 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting
> *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008
> WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal
> quotation marks omitted)).

*United States* v. *Almonte*, No. 14 Cr. 86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014); *accord United States* v. *Pinto-Thomaz*, No. S2 18 Cr. 579 (JSR), 2019 WL 1460216 (S.D.N.Y. Jan. 10, 2019); *United States* v. *Baldeo*, No. S1 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015) (summary order).

In its prior Opinion, the Court found that Defendant did not merit compassionate release due to its careful analysis of the factors found in 18 U.S.C. § 3553(a). *See Lisi*, 2020 WL 881994, at *5-6. Therefore, for Defendant to be able to meet his burden for the instant motion, he would need to point to controlling decisions or data that reasonably could alter the Court's analysis of those factors. Defendant, however, fails to meet his burden. Instead, Defendant devotes his energy to arguing issues that would be relevant only to his appeal (*see* Def. Recon. 7-9), regurgitating his prior statements about his record while incarcerated (*see id.* at 11-12), and, remarkably, attacking one of his victims (*see id.* at 12-13). Defendant points to nothing that would cause the Court to reconsider its analysis of the various § 3553(a) factors. To the contrary, Defendant's motion only reinforces the Court's prior finding that he has no contrition whatsoever for his crimes. In point of fact, the motion causes the Court to question whether Defendant has been, or ever truly will be, rehabilitated. Accordingly, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

Dated: March 23, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

```
Brandon Lisi
Inmate Reg. No. 62739-054
Metropolitan Detention Center
MDC-Brooklyn
P.O. Box 329002
Brooklyn, New York 11232
```